IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,

    Plaintiff,

v.

CITY OF PORTLAND and RAPID RESPONSE BIO CLEAN,

    Defendants.

Case No. 3:21-cv-812-AR

ORDER

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jeffrey Armistead issued Findings and Recommendation (F&R) in this case on November 2, 2022. Judge Armistead recommended that this Court deny Plaintiff's motion for injunctive relief. Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are

PAGE 1 – ORDER

filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although no review is required absent objections, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff Michael O'Callaghan (O'Callaghan), an unhoused individual who is proceeding *pro se*, sued the City of Portland (City) and Rapid Response Bio Clean for various alleged civil rights violations and incidents of harassment, theft, and destruction of his property. ECF 7. O'Callaghan also moved for injunctive relief in anticipation of a new policy that O'Callaghan alleges the City has enacted. ECF 41. This purported policy involves "sweeps" that allegedly will displace thousands of unhoused individuals without notice or the opportunity to recover property. Defendants contend that there is no such policy, and that O'Callaghan has misconstrued a statement made by Portland Mayor Ted Wheeler at a press conference. ECF 48.

O'Callaghan timely filed an objection to the F&R. ECF 86.[1] O'Callaghan first objects to the F&R's conclusion that O'Callaghan has not shown that he is likely to suffer irreparable harm without preliminary relief. In support of his irreparable harm argument, O'Callaghan recounts several experiences when he or a friend had their property confiscated or threatened with

---

[1] O'Callaghan titled his filing a "Motion for Reconsideration." The Court follows Judge Armistead in interpreting O'Callaghan's motion for reconsideration as an objection to the F&R. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting that courts must "construe *pro se* filings liberally"). In his motion, O'Callaghan makes several arguments that are not responsive to the F&R, such as whether Defendants have the statutory authority to carry out the sweeps at issue. The Court does not address these points here.

PAGE 2 – ORDER

confiscation by Defendants. O'Callaghan also argues that irreparable harm occurs whenever one is deprived of shelter, clothing, food, and safety, among other things. These circumstances, O'Callaghan concludes, parallel those in *Korematsu v. United States*, 323 U.S. 214 (1944).

The Court has reviewed O'Callaghan's claim *de novo*. The Court agrees with and adopts the F&R's analysis. O'Callaghan's first argument relies on allegations of past incidents that he and others experienced while unhoused. These facts are not in the record and do not relate to the City's purported new policy. For example, O'Callaghan describes being awoken two years ago by a police officer throwing rocks at his shelter, and recently being threatened with property destruction due to "illegal campsite" notices. Even if these incidents have been continuous since 2009, as O'Callaghan states, they do not show a likelihood that O'Callaghan will suffer irreparable harm specifically because of the purported "sweeps" policy at issue if he does not obtain injunctive relief. O'Callaghan does not allege or argue that the City's purported policy caused these incidents or will cause similar ones that present a likelihood of irreparable harm.

O'Callaghan's assertion that sweeps generally constitute irreparable harm also does not show a likelihood that O'Callaghan himself will suffer this harm without preliminary relief, because his allegations regarding the City's purported policy are too general to demonstrate that irreparable harm is likely. O'Callaghan does not identify the City's purported policy with specificity, and the newspaper articles he attached to his motion for injunctive relief do not clarify what this alleged policy entails. Finally, the Court finds *Korematsu*—which the Supreme Court explicitly abrogated in *Trump v. Hawaii*, 138 S. Ct. 2392, 2423 (2018)—distinguishable from these circumstances. The Court adopts this portion of the F&R.

O'Callaghan's next argument is that the sweeps he moves to enjoin do not further the public interest by solving housing issues, but rather do serious harm to members of the public.

The Court agrees with the F&R that without a sufficient showing of irreparable harm and a likelihood of success on the merits, there is no need to engage in public interest analysis. As explained above, the Court adopts the F&R's assessment of irreparable harm, and O'Callaghan has not objected to the F&R's analysis of O'Callaghan's likelihood of success on the merits. Even assuming O'Callaghan's argument as to public interest persuaded the Court, O'Callaghan would still fail to carry his burden of showing that a preliminary injunction should be granted. The Court thus adopts this portion of the F&R.

Finally, O'Callaghan objects to the F&R's conclusion that O'Callaghan does not have standing because he has not shown imminent injury. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' . . . the threat must be actual and imminent, not conjectural or hypothetical."). Because the Court adopts the other portions of the F&R finding that O'Callaghan has not satisfied the requirements for a preliminary injunction, the Court declines to address O'Callaghan's standing at this stage. For those portions of the F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. The Court thus adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 79. The Court DENIES Plaintiff's Motion for Injunctive Relief, ECF 41.

**IT IS SO ORDERED.**

DATED this 14th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge