# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL O'CALLAGHAN**, | Case No. 3:21-cv-812-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND** and **RAPID RESPONSE BIO CLEAN**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeff Armistead issued Findings and Recommendation ("F&R") in this case on September 26, 2024. Judge Armistead recommended that this Court grant the motions for summary judgment filed by Defendants City of Portland ("City") and Rapid Response Bio Clean ("Rapid Response") and deny O'Callaghan's cross motion for summary judgment, motion for injunctive relief, request to reopen discovery, and motion to declare the camping ordinance unconstitutional. O'Callaghan objected, and both Defendants responded to O'Callaghan's objections. O'Callaghan objects to the portions of the F&R granting Defendants' motions for summary judgment and denying O'Callaghan's cross motion for summary judgment, request to reopen discovery, and motion to declare the camping ordinance unconstitutional. O'Callaghan does not object to the portion of the F&R denying his motion for injunctive relief.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

### A.  Statute of Limitations

O'Callaghan does not dispute that a two-year statute of limitations applies to his claims, but he argues that the statute of limitations should not bar his claims because of five alleged instances of fraud by Defendants between 2011 and 2016. Defendants respond that O'Callaghan has not offered any evidence to support tolling the statute of limitations. The F&R rejected O'Callaghan's argument because his First Amended Complaint ("FAC") does not contain fraud claims and he has not obtained the Court's permission to bring fraud claims. The Court agrees

PAGE 2 – ORDER

that O'Callaghan did not raise fraud claims in his original complaint or FAC, and therefore the

statute of limitations bars any incidents occurring before May 25, 2019. Thus, the only alleged

incidents that are not time barred are the cleanups and postings that occurred from May 7, 2021,

to May 20, 2021 (collectively, the "May 2021 incidents").

**B.  O'Callaghan's Constitutional Claims**

O'Callaghan objects to the F&R's conclusion that Defendants have met their burden of

production for summary judgment on O'Callaghan's constitutional claims under the Fourth and

Eighth Amendments. Specifically, O'Callaghan argues that Defendants entered private property,

not public property, to remove O'Callaghan's belongings.

Rapid Response submitted sworn and corroborated evidence that the May 2021 incidents

occurred only on public property. Rapid Response submitted evidence that it uses a website,

portlandmaps.com, to verify that a campsite is on public property before beginning a cleanup.

ECF 62 ¶¶ 4-5. Rapid Response also presented evidence that its workers use GPS technology

during cleanups to compare their location with the portlandmaps.com website to ensure that they

only clean public property. ECF 123 ¶¶ 7-9; ECF 62-2. Rapid Response submitted photographs

and maps demonstrating that the cleanup was limited to public property. ECF 62-2. This

evidence is sufficient to meet Rapid Response's initial burden in its motion for summary

judgment.

In his objections, O'Callaghan submits the same evidence that he submitted with his

summary judgment briefing: unsworn and uncorroborated statements that his property was taken

from private land owned by a third party. He contends that there is an incorrect address that led

Defendants mistakenly to believe they were on public land, and he includes some photographs of

the property in question that do not demonstrate the property boundaries. O'Callaghan also

previously stated in deposition testimony, submitted with the City's motion for summary

PAGE 3 – ORDER

judgment, that Rapid Response removed O'Callaghan's personal property from "private land" on

May 12, 2021. ECF 64 at 17:22-18:3, 20:19-21:13, 55:19-56:1. These "[c]onclusory allegations

unsupported by factual data" are insufficient to defeat a motion for summary judgment. *See*

*Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078, *amended* 340 F.3d 767 (9th

Cir. 2003). Thus, O'Callaghan has not met his burden at summary judgment to raise a genuine

issue of fact, after Rapid Response sufficiently challenged O'Callaghan's cause of action. *See,*

*e.g.*, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("If the moving party

meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise

provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986))).

O'Callaghan's only theory of liability against the City is under *Monell v. Department of*

*Social Services of City of New York*, 436 U.S. 658 (1978), as he alleges that the City is

responsible for Rapid Response's conduct. Because there is no triable issue of fact as to whether

O'Callaghan's constitutional rights were violated, there is no *Monell* liability, and the City also

prevails on its motion for summary judgment.

O'Callaghan also objects to the F&R on his Eighth Amendment claim, arguing that he

has suffered sufficient "punishment." As the F&R noted, "Eighth Amendment scrutiny is

appropriate only after the State has complied with the constitutional guarantees traditionally

associated with criminal prosecutions." *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)

(quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). O'Callaghan does not dispute that

he has not been prosecuted, and therefore the Eighth Amendment is not applicable to his claims.

Finally, O'Callaghan objects that the F&R did not consider alleged continuing violations

by Defendants. O'Callaghan did not reference any of these violations in the evidence he

PAGE 4 – ORDER

submitted with his motion for summary judgment or in his response to Defendants' motions for summary judgment. O'Callaghan also admits in his objections that nine of these violations occurred after litigation began. O'Callaghan has already been given an in-person hearing and had an opportunity to submit additional briefing, and Judge Armistead denied his request to reopen discovery. ECF 99. Therefore, it was proper not to consider the other alleged violations. Further, the Ninth Circuit has explained that when "illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs." *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983). Thus, the purported "continuing violations" are discrete harms that Plaintiff must separately raise. Defendants are thus entitled to summary judgment on all of O'Callaghan's claims, and the Court adopts this portion of the F&R.

## C.  O'Callaghan's Cross Motion for Summary Judgment

O'Callaghan also appears to object to the denial of his cross motion for summary judgment. As Judge Armistead noted, in O'Callaghan's motion for summary judgment, he did not produce evidence that shows that there is no genuine issue of material fact. Thus, his motion for summary judgment fails and the Court adopts this portion of the F&R.

## D.  O'Callaghan's Request to Reopen Discovery

O'Callaghan moved in August 2023 to reopen discovery based on his recent knowledge that there was an Oregon Department of Transportation camera near the disputed area. He believed that this camera may have captured the vehicle and person involved in an alleged intrusion into O'Callaghan's structure, but not the intrusion itself. In his objections, O'Callaghan acknowledges that discovery closed on August 15, 2022, but contests that because the intrusions onto his property are ongoing and continuous, discovery also should be. O'Callaghan has not demonstrated good cause for reopening discovery. Although the camera may have recorded a

PAGE 5 – ORDER

video and person, it did not record the alleged intrusion. The identity of the car or person are too

tangential to O'Callaghan's claims. The Court thus adopts the portion of the F&R denying

O'Callaghan's request to reopen discovery.

**E.  O'Callaghan's Motion to Declare Camping Ordinance Unconstitutional**

O'Callaghan contends that the Court should declare the camping ordinance

unconstitutional. O'Callaghan does not address, however, the F&R's conclusion that the

amended Portland City Ordinances referenced in O'Callaghan's motion did not become effective

until July 7, 2023, more than two years after O'Callaghan's Complaint and FAC were filed.

O'Callaghan has not obtained the Court's permission to include challenges to the amended

ordinances in this lawsuit. The Court therefore concludes that the question of the

constitutionality of the ordinance is not properly before the Court in this lawsuit, and adopts this

portion of the F&R.

**CONCLUSION**

The Court ADOPTS Judge Armistead's F&R (ECF 157). The Court GRANTS Rapid

Response's motion for summary judgment (ECF 59) and the City's motion for summary

judgment (ECF 63). The Court DENIES O'Callaghan's cross motion for summary judgment

(ECF 75), motion for injunctive relief (ECF 115), request to reopen discovery (ECF 137), and

motion to declare the camping ordinance unconstitutional (ECF 138).

**IT IS SO ORDERED**.

DATED this 8th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER